[Civ. No. 3375. First Appellate District, Division Two.—May 19, 1920.]

## E. M. GORDON et al., Respondents, v. C. D. HILLMAN et al., Appellants.

[1] FOREIGN JUDGMENTS—ACTION ON IN THIS STATE—CONSTITUTIONAL LAW—JURISDICTION.—While, under article IV, section 1, of the constitution of the United States, which requires courts of one state to give full faith and credit to the judgments of a sister state, suit may be maintained in this state on a final judgment rendered in another state, that clause of the constitution applies to records and proceedings of courts only so far as they have jurisdiction. The jurisdiction of the court rendering the judgment is always open to inquiry under proper averments where its conclusiveness is questioned in another state.

[2] ID.—RESISTANCE TO ACTION ON—FRAUD—WANT OF JURISDICTION.— An action on a judgment rendered in another state may be resisted on the ground of fraud which goes to the jurisdiction of the court to render the questioned judgment either with respect to the subject matter or of the person, or which constitutes a fraud upon the law of the forum, or which operates to deprive the party against whom the judgment was rendered of an opportunity to defend the suit when he had a meritorious defense to it.

[3] ID.—SETTING ASIDE OF—REVERSAL OF DEFAULT JUDGMENT BASED ON.—If the original judgment rendered in a sister state has been set aside prior to the making of a motion to set aside a default judgment rendered thereon in this state, such default judgment will be reversed as a matter of right and restitution will be awarded to the defendant.

[4] ID.—SETTING ASIDE OF FORMER JUDGMENT—EFFECT OF—RIGHT OF JUDGMENT DEBTOR.—The effect of setting aside a former judgment is the same as where suit is brought on a judgment which is thereafter reversed on appeal when the judgment debtor is entitled to have the second judgment set aside as of record and as of right.

[5] ID.—PENDENCY OF PROCEEDINGS TO VACATE — MOTION TO VACATE DEFAULT JUDGMENT BASED ON—RIGHT OF DEFENDANT.—While a motion made under section 473 of the Code of Civil Procedure is addressed to the discretion of the court and its action will not be disturbed on appeal, unless it shall be made clearly to appear that such discretion has been abused, such a motion to set aside a default judgment entered in an action to recover upon a judg-

2. Right to resist judgment of sister state on ground of fraud, notes, Ann. Cas. 1914D, 999; 32 L. R. A. (N. S.) 939.

ment rendered in a sister state should be granted, where the motion is made within the six months limited by that section and it is shown that proceedings are pending in the sister state to set aside the original judgment on the ground of fraud and the issue of fraud is tendered by the answer accompanying the notice of motion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur C. Vaughan for Appellants.

Harold E. Thomas for Respondents.

BRITTAIN, J.—The defendants appeal from an order denying motion to vacate a default judgment in the superior court in Los Angeles in a suit to recover some forty thousand dollars upon a judgment alleged to have been rendered in the superior court of King County, in the state of Washington, on January 5, 1918.

Judgment was entered on June 4, 1918. Notice of motion to vacate the default judgment was given on November 9, 1918. It was accompanied by an affidavit of the defendant and a copy of the proposed answer. The judgment of the Washington court was attacked on the ground of fraud. It is stated in the affidavit that the defendant Hillman was not aware of the fact that he and his codefendant had a good and substantial defense to the action in Los Angeles until May 20, 1918. It further appears that on May 25, 1918, proceedings were commenced in the Washington court to vacate and set aside the original judgment. The defendants advised their attorney that they had done so and instructed him to file an answer on their behalf in the Los Angeles suit, setting up the alleged fraud upon them as a defense therein. It is alleged they relied entirely upon their attorney to protect their interests in this connection and to prepare and file all necessary papers and pleadings and that they believed he had taken, and would take, such steps as were necessary and proper to protect their interests; that they did not know of the entry of the default or of the judgment by default until June 20, 1918, when they were advised by their attorney that they might move at any

time within six months to vacate the judgment; that this statement was coupled with the advice that the defendants should delay making their motion in the Los Angeles court, so that the Washington court might have an opportunity to pass upon the proceedings instituted there prior to the hearing of the motion in Los Angeles. It appears, inferentially, at least, that the proceedings to vacate the judgment were pending in the Washington court at the time of the hearing of the motion which was denied on November 20, 1918. Reference is made in the appellants' brief to a decision rendered by the supreme court in the state of Washington on December 30, 1919, the effect of which was to cause the vacation of the judgment on which the suit in the Los Angeles court was based. (*Gordon* v. *Hillman*, 109 Wash. 223, [186 Pac. 651].) Considered as a matter of fact, the action of the Washington court, after the determination of the motion in the Los Angeles court, can be given no consideration. When the motion was made, however, within the six months limited by section 473 of the Code of' Civil Procedure, it appeared that the proceedings to vacate the Washington judgment were pending.

[1] From the showing made on behalf of the defendants, it appeared that the judgment on which the suit was brought was a final judgment, having been affirmed by the supreme court of Washington. Suit on such a judgment may be maintained under constitutional provisions requiring courts of one state to give full faith and credit to the judgments of a sister state. (Const., art. IV, sec. 1.) That clause of the constitution applies to records and proceedings of courts only so far as they have jurisdiction. (*Board of Public Works* v. *Columbia College*, 17 Wall. 521, [21 L. Ed. 687, see, also, Rose's U. S. Notes]; *Pennoyer* v. *Neff*, 95 U. S. 714, [24 L. Ed. 565]; *Renaud* v. *Abbott*, 116 U. S. 217, [29 L. Ed. 629, 6 Sup. Ct. Rep. 1194].) The jurisdiction of the court rendering the judgment is always open to inquiry under proper averments where its conclusiveness is questioned in another state. (*Knowles* v. *Logansport etc.* 19 Wall. 58, [22 L. Ed. 70]; *Simmons* v. *Saul*, 138 U. S. 439, [34 L. Ed. 1054, 11 Sup. Ct. Rep. 369]; *Brown* v. *Fletcher*, 210 U. S. 82, [52 L. Ed. 966, 28 Sup. Ct. Rep. 702]; *Hancock's Estate*, 156 Cal. 804, [134 Am. St. Rep. 177, 106 Pac. 58].) [2] Since fraud may go to the very

question of jurisdiction, a judgment rendered in another state may be resisted on the ground of fraud which goes to the jurisdiction of the court to render the questioned judgment either with respect to the subject matter or of the person, or which constitutes a fraud upon the law of the forum, or which operates to deprive the party against whom the judgment was rendered of an opportunity to defend the suit when he had a meritorious defense to it. (32 L. R. A. (N. S.) 939, note.)

Enough facts to resist a general demurrer appear in the answer proposed to be filed at the time of the hearing of the motion to vacate the default to show fraud in obtaining the judgment on which the suit was brought in a matter affecting the jurisdiction of the court. **[3]** If the original judgment had been set aside prior to the motion, the default judgment rendered in this state would have been reversed as a matter of right and restitution would have been awarded to the defendant. (*Merchants Ins. Co.* v. *De Wolf,* 33 Pa. St. 45, [75 Am. Dec. 577]; *Davidson* v. *Smith,* 1 Biss. 352; *Faber* v. *Hovey,* 117 Mass. 108, [19 Am. Rep. 398].) **[4]** The effect of setting aside a former judgment is the same as where suit is brought on a judgment which is thereafter reversed on appeal when the judgment debtor is entitled to have the second judgment set aside as of record and as of right. (*Heckling* v. *Allen,* 15 Fed. 196; *Banning* v. *Taylor,* 24 Pa. St. 297; *Aetna Ins. Co.* v. *Aldrich,* 38 Wis. 107; *Mann* v. *Aetna Ins. Co.,* 38 Wis. 114; *Ward* v. *Marshall,* 96 Cal. 155, [31 Am. St. Rep. 198, 30 Pac. 1113]; dissenting opinion of Justice Olney in *Re Riccardi,* 182 Cal. 681, [189 Pac. 696].)

If within six months after the entry of the default judgment the supreme court of Washington had vacated the original judgment, that fact would have been a sufficient reason for vacating the default judgment. If the default judgment should be held good, the subsequent action of the supreme court of Washington would have required its vacation under the rules announced in the cases which have been last cited. If the Washington judgment had been set aside before the default was entered, that fact properly pleaded would have constituted a bar to the prosecution of the California suit. It is not the purpose of the law to deprive litigants of the right to have their cases deter-

mined upon their merits, nor to invite new litigation to overturn judgments. While the affirmative allegations of the proposed answer were denied in counter affidavits, the trial court was in no position to determine the merits of the case nor to adjudge finally,.in the absence of evidence, upon the truth of the formal allegations and denials. It clearly appeared both that proceedings were pending in Washington to set aside the judgment, which was the basis of the California suit, and that the issue of fraud was tendered by the proposed answer. The application amounted to a plea in abatement in a case where, but for the pendency of the Washington proceedings, a plea in bar must have been held good. [5] While a motion made under section 473 of the Code of Civil Procedure is addressed to the discretion of the court and its action will not be disturbed on appeal, unless it shall be made clearly to appear that such discretion has been abused, under the circumstances shown by the record, the motion to vacate the default judgment made within the six months limited by the code section should have been granted.

The order appealed from is reversed.

Nourse, J., and Langdon, P. J., concurred.