[Civ. No. 13387.   Second Dist., Div. Two.   Nov. 4, 1941.]

FREDERICK PETRY, Appellant, v. HELEN M. PETRY, Respondent.

Redmond & Redmond for Appellant.

Merritt D. Jergins and Simon Miller for Respondent.

HANSON, J. *pro tem.*—This is an appeal from a judgment entered upon an order sustaining a demurrer to the complaint without leave to amend.

In this action the former husband of the defendant seeks the cancellation of a property settlement agreement entered into between them and which was incorporated in a decree

of divorce granted to him several years ago. The ground alleged for cancellation is that when plaintiff married the defendant, and when the property settlement agreement was made, the latter had not been divorced from her former husband, a fact which was unknown to the plaintiff but known to the defendant. █ As it appeared from the complaint in this suit that a final decree of divorce had been rendered, the trial court sustained without leave to amend the demurrer of the ex-wife on the ground that under the controlling facts as disclosed by the complaint, and upon which plaintiff would have to rely, no cause of action could be stated. We think the ruling was correct.

█ It is well established in this state that a final decree of divorce conclusively determines, as between the parties thereto, that they were legally married; and this regardless of the true fact (*Kelsey* v. *Miller,* 203 Cal. 61 [263 Pac. 200] ; *Blumenthal* v. *Blumenthal,* 97 Cal. App. 558 [275 Pac. 987] ; *Estate of Lee,* 200 Cal. 310; *Borg* v. *Borg,* 25 Cal. App. (2d) 25 [76 Pac. (2d) 218] ; 9 R. C. L., sec. 270; 17 Am. Jur., sec. 486; 27 C. J. S., sec. 174) and seemingly despite the most flagrant fraud practiced by one of the parties. Such being the case, the decree of divorce may not be collaterally attacked by the parties thereto, and all the facts therein found or necessary to be found, such as the fact of marriage, are conclusive upon the parties in subsequent proceedings whether they pertain to divorce or not. █ The attack here on the validity of the property settlement agreement is predicated upon the ground that the marriage was invalid under the statute and that had plaintiff known that fact, as defendant did, he would not have executed the agreement. But these are matters which cannot be shown in the face of the decree. To permit such a showing to be made would necessarily amount to a collateral attack on the decree. Accordingly, as one cannot well plead what one cannot prove (*Hubbard* v. *Lowe,* 226 Fed. 135), the demurrer was rightly sustained.

The judgment is affirmed.

Wood, Acting P. J., and McComb, J., concurred.