[S. F. No. 17067. In Bank. Nov. 27, 1945.]

ANITA Z. HOWARD, Respondent, v. LINDSAY C. HOWARD, Appellant.

Walter McGovern and Neil S. McCarthy for Appellant.

Mitchell, Silberberg & Knupp as Amici Curiae on behalf of Appellant.

Torregano & Stark, Charles M. Stark and Francis W. Murphy for Respondent.

TRAYNOR, J.—Plaintiff and defendant were married in 1925. In 1938 they executed a property settlement agreement binding defendant to pay plaintiff $1,250 a month until her remarriage. A few weeks later plaintiff went to Nevada and sued for divorce on the ground that defendant had wilfully deserted her. Defendant appeared in the action, filed an answer, and at the trial was represented by counsel. He did not contest the charge of desertion, and plaintiff was granted a divorce on that ground. The divorce decree adopted the property settlement agreement. Thereafter defendant married another woman with whom he now lives. Until January 1, 1942, defendant paid the sums due under the Nevada decree. Defendant alleges that at that time he discovered that plaintiff had procured the property settlement agreement by fraud in representing herself as a faithful wife and mother, whereas during coverture and before the execution of the agreement she had repeatedly committed acts of adultery. Plaintiff then brought this action to establish the Nevada decree as a judgment in this state and to recover sums due under the property settlement agreement incorporated in that decree. Defendant filed an answer and cross-complaint attacking the money provisions, but not the divorce provisions, of the Nevada decree, on the grounds that they had lapsed because of a subsequent Mexican common-law marriage of plaintiff, and that the property settlement agreement had been procured by the fraud of plaintiff. The trial court sustained a demurrer to the answer and cross-complaint without leave to amend and struck out all material parts of the pleading relating to the defense of fraud. The cause went to trial on the affirmative allegations of plaintiff's amended supplemental complaint, including the allegation that she had not remarried. The trial court found that allegation to be true and also found that plaintiff was a Nevada resident at the time of filing the divorce action, that defendant had deserted her more than a year previously, that the Nevada court had jurisdiction of the parties, that defendant appeared of record in and defended the divorce suit, and that the property settlement was part of the divorce decree. Upon these findings judgment was entered in favor of plaintiff. Defendant appeals.

Defendant concedes that the divorce provisions of the Nevada decree are not open to attack, but he contends that the money provisions thereof are not binding, on the ground

that they were obtained by extrinsic fraud. "Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (*Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317]; *Sohler* v. *Sohler,* 135 Cal. 323 [67 P. 282, 87 Am.St.Rep. 98]. See 23 Cal.L.Rev. 80; 9 Cal. L. Rev. 156]. If an unsuccessful party to an action has been kept in ignorance thereof (*Purinton* v. *Dyson,* 8 Cal.2d 322 [65 P.2d 777, 113 A.L.R. 1230]; *Zaremba* v. *Woods,* 17 Cal.App.2d 309 [61 P.2d 976]) or has been prevented from fully participating therein (*Caldwell* v. *Taylor, supra*), there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (*Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Abels* v. *Frey,* 126 Cal.App. 48 [14 P.2d 594]; *Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814]; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; see *Eichhoff* v. *Eichhoff,* 107 Cal. 42, 48 [40 P. 24, 48 Am.St.Rep. 110].)" (*Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105].)

The property settlement agreement here in question was offered and received in evidence in the Nevada proceeding as a voluntary agreement of the parties with respect to their property rights and plaintiff's right to support and maintenance. The issue as to its fairness was thus tendered in that proceeding. Defendant was represented at the trial, and the property settlement agreement went into evidence without any opposition by him. The alleged fraud went to the merits of an important part of the Nevada proceeding and should have been guarded against by defendant at that time. (*Pico* v. *Cohn,* 91 Cal. 129, 134 [25 P.970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *Tracy* v. *Muir,* 151 Cal. 363, 372 [90 P. 832, 121 Am.St.Rep. 117]; see cases cited, 15 Cal.Jur. 14-24.)

Having adopted the property settlement agreement and made it a part of the final decree of divorce, the Nevada court adjudicated its fairness and approved its terms, and that judgment is therefore immune from attack in the present case. (*Carr* v. *Bank of America*, 11 Cal.2d 366, 374 [79 P.2d 1096, 116 A.L.R. 1282]; *Hendricks* v. *Hendricks*, 216 Cal. 321, 324 [14 P.2d 83]; *Hammell* v. *Britton*, 19 Cal.2d 72, 82 [119 P.2d 333]; *Olivera* v. *Grace*, 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328]; *Horton* v. *Horton*, 18 Cal.2d 579, 584 [116 P.2d 605]; *Petry* v. *Petry*, 47 Cal.App.2d 594, 595 [118 P.2d 498]; *Godfrey* v. *Godfrey*, 30 Cal.App.2d 370, 379 [86 P.2d 357]; *McLaughlin* v. *Security First Nat. Bank*, 20 Cal.App.2d 602, 606 [67 P.2d 726].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied December 20, 1945. Edmonds, J., voted for a rehearing.