[Civ. Nos. 16456, 16457.   Second Dist., Div. One.   Dec. 8, 1948.]

ADELA KRAMER KING, Respondent, v. ERNEST M. KING, Appellant.

(Two Cases.)

Samuel Reisman for Appellant.

Harrie R. Collins for Respondent.

WILSON, J. assigned.—Plaintiff filed two actions against defendant simultaneously, one for divorce, the other to quiet title to real property. The cases were tried at the same time and on the same evidence. Plaintiff recovered judgment in each case and defendant has appealed.

The parties were married in March, 1940, and shortly thereafter opened a joint bank account into which both deposited funds. Property known as the Sherbourne property was purchased and title taken in the names of the parties as joint tenants. The purchase, however, was made with plaintiff's separate funds. In October, 1940, plaintiff and defendant executed a deed to plaintiff vesting title to the Sherbourne property in her as her separate property. The property was thereafter sold and the proceeds used in the purchase of the Arcadia property, which is the subject of the instant action to quiet title.

Title was taken in the names of the parties as joint tenants, and they resided together on the property thereafter. When defendant was served with process in the two actions before this court he consulted with an attorney but did not file an answer in either case. Plaintiff and defendant had several conversations concerning a property settlement. Defendant contended that he should receive half of the Arcadia property. At the request of plaintiff her attorney prepared a property settlement agreement in which defendant disclaimed any interest in the Arcadia property and declared that if a decree should be entered against him without costs it was his intention that title should vest in plaintiff as her separate property "for the reason that all of the purchase money therefor was taken from the separate property" of plaintiff. The agreement was sent to plaintiff through the mail by her attorney and thereafter was signed, together with a disclaimer in the action to quiet title.

The default of defendant was entered in both cases, the disclaimer was filed in the quiet title suit, the property settlement agreement was filed in the divorce action, and a judgment was entered in each case in favor of plaintiff. There-

after defendant moved to set aside and vacate both judgments and his motions were granted. Thereupon the actions were tried resulting in judgments for the plaintiff, the appeals from which are now before us.

After the default was set aside defendant filed answers in which he alleged that the property settlement agreement and the disclaimer were secured by plaintiff through fraud, misrepresentations and undue influence. The court found that such allegations were untrue, and defendant maintains on this appeal that the finding is not supported by the evidence.

The record does not disclose any suggestion of fraud, misrepresentation or other cause for setting aside either the property settlement agreement or the disclaimer. Defendant testified that prior to the time he signed the agreement and the disclaimer he had been served with complaint and summons in each action; that he consulted with an attorney about the complaints and was told that in one action his wife was seeking a divorce and in the other she was seeking to quiet title to the real property; that when he received the property settlement agreement from his wife they discussed it, he read part of it—"the part that says I had no interest after I signed the property settlement agreement" and that was his understanding at the time he was discussing the document with plaintiff.

Plaintiff testified that after her husband had consulted an attorney about the actions he stated to her, "I don't have a leg to stand on so I might as well sign up the papers and get out of it"; that he read part of the documents, particularly the first page of the property settlement agreement. Since defendant had been advised by an attorney as to plaintiff's purpose in the two actions and since he had an opportunity to read and was not prevented from reading the agreement and the disclaimer and did read portions of them, he has no ground upon which to base his contention that fraud or misrepresentation was practiced upon him. (*Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 22 [193 P.2d 728, 734]; *Cameron* v. *Cameron*, 88 Cal.App.2d 585 [199 P.2d 443].)

Defendant's contention that the property settlement agreement should be set aside because it was prepared by plaintiff's attorney and he did not have legal advice with reference to its terms, is without merit. He sought legal advice when the complaints were served upon him, and since he allowed his default to be entered in the actions it is apparent that his attorney advised him not to contest them. He makes no

claim that he was prevented from consulting an attorney before signing the property settlement agreement and the disclaimer, and the record does not disclose threats, inducement or persuasion on the part of plaintiff which operated to induce defendant to sign the documents without legal advice. Plaintiff did not conceal or misrepresent any facts.

The judgment in each case is affirmed.

York, P. J., and White, J., concurred.