OPINION. Van Fossan, Judge: Respondent admits that the petitioner, while on active duty as a captain in the Army, was engaged in a trade or business. Albeit the original instigation of the Court Martial proceedings was at the behest of the petitioner’s divorced wife, the charges were made and the trial was conducted and prosecuted by petitioner’s employer, the United States Army. The 95th Article of War (10 U. S. C. A. Section 1567) states that a conviction of “conduct unbecoming an officer and a gentleman” carries with it the penalty of dismissal from the service. Thus it was that petitioner was defending himself against possible loss of his commission as an officer in the Army, which was a source of part of his income. The fact that he had other income is immaterial. In Commissioner v. Heininger, 320 U. S. 467, the Supreme Court said: * * * Upon being served with notice of the proposed fraud order respondent was confronted with a new business problem which involved far more than the right to continue using his old advertisements. He was placed in a position in which not only his selling methods but also the continued existence of his lawful business were threatened with complete destruction. So far as appears from the record respondent did not believe, nor under our system of jurisprudence was he bound to believe, that a fraud order destroying his business was justified by the facts or the law. Therefore he did not voluntarily abandon the business but defended it by all available legal means. To say that this course of conduct and the expenses which it involved were extraordinary or unnecessary would be to ignore the ways of conduct and the forms of speech prevailing in the business world. * * * The fact that petitioner was successful in defending himself against the charge and was acquitted demonstrates that petitioner was justified in his position that the charge was baseless. We are of the opinion that under the facts here present legal expenses and costs incurred by petitioner in contesting the Court Martial proceeding constituted legitimate business expenses and were deductible as such. We see no merit in respondent’s argument that the item of $522.80, supra, for services in attempting to prevent the institution of the trial by Court Martial was against public policy. Petitioner knew of the threatened action and believed that he was not guilty of the impending charge of misconduct. There was nothing improper in making such representations to the proper authority. From a careful study of the evidence, which lacks much of being precise and complete, we find that petitioner incurred and paid legal expenses in the amount of $3,522.80 in 1943 and $2,550 in 1944 in connection with the Court Martial proceedings, which amounts are deductible as business expenses. The legal expenses incident to the case of Howard v. Howard are different. The litigation bad its genesis in tlie personal relationship of the petitioner and bis former wife and stems from the property settlement agreement of 1938. That contract was followed by a divorce and final decree which incorporated the contract provision for payment of the sums fixed therein. The litigation known as Howard v. Howard was predicated on this decree and was instituted by the former wife to compel compliance therewith. It was in no wise related to petitioner’s business activity. The whole situation involved personal (as distinguished from business) relationships and personal considerations. It never lost its basic character or personal nature. Throughout the entire history and development of income tax law there has existed a sharply defined distinction between business expenses allowable as deductions and nonallowable personal expenses. If the bars were let down so as to accommodate petitioner’s position and approval were given to his argument, this historic distinction would practically cease to exist. The contention that such expenditures are allowable as expenses of retaining income previously earned leaves us unmoved. It may seem strange that we find no decided case squarely in point. Perhaps this is because the answer seems so obvious that no one has heretofore raised the issue. Be that as it may, we find no basis for petitioner’s contention and accordingly affirm respondent’s disallowance of the legal expenses incident to the case of Howard v. Howard. The Kornhauser case (Kornhauser v. United States, 276 U. S. 145) is not in point since the expenses there under study grew directly out of and were proximately related to the business activity of the taxpayer. Similar observations might be made as to Commissioner v. Heininger, supra. Petitioner claimed, and respondent disallowed, depreciation on a ranch house and its furnishings. Petitioner contends that the ranch house was not his residence but was used for business purposes. We disagree with the petitioner. Petitioner went to the ranch on the average of twice a week and usually slept in the bunk house where the ranch hands lived. The only use made of the ranch house was perhaps once a month by petitioner, or by petitioner and his family for two or three weeks in the summertime when the children were out of school, and occasionally on a week end. Petitioner and his family used the ranch house much as one “would use a beach house or a cabin in the mountains.” . It was apparently never used for business purposes. There was another house which was occupied by the man in charge of petitioner’s horses. He had no ranch manager. A man may have more than one residence. The amount of its use is not controlling. Here there is no evidence of any business use of tbe property nor does the evidence show affirmatively the size, the purpose or the use oí the ranch. Except by indulging in unwarranted inferences from the record, we do not know whether it was a business activity or a hobby. Under the facts of record, we have no alternative to holding that petitioner has failed to show that his use of the ranch house was a business use. His bald statement that it was not his residence does not prove his contention. We affirm the Commissioner on this point. Reviewed by the Court. Decisions will be entered under Rule 50. Ratjm, /., concurs in the result.