[Civ. No. 24603.   Second Dist., Div. One.   Sept. 12, 1960.]

WILLIAM STUART WUNCH, Appellant, v. JOANNE B. WUNCH, Respondent.

Trope & Trope and Sorrell Trope for Appellant.

Ward & Heyler and Charles A. Druten for Respondent.

SCOTT (Robert H.), J. pro tem.*—Plaintiff appeals from a judgment entered against him following sustaining of demurrer without leave to amend.

In an earlier case in which the wife, as plaintiff, sued the husband for divorce, these same parties had entered into a property settlement agreement on January 27, 1959. Thereupon, the husband's resistance to his wife's suit was withdrawn, and the case was tried as a default on February 6, 1959. An interlocutory judgment in favor of the wife embodying in it the entire agreement was granted and signed on that day.

On June 9, 1959, the husband, as plaintiff, filed the instant action against the wife asking that the agreement of January 27, 1959, "be declared to be null and void and forthwith cancelled and terminated" and that it "be considered to be of no force and effect, nor of any force and effect at any time since its execution on the 27th day of January, 1959." A first cause of action in the complaint in the instant case declared that Mr. Wunch had diabetes and was so physically and emotionally incapacitated at the time the agreement was entered into that he was incapable of giving adequate consideration to it; that at the time of the execution of said agreement, during its negotiation and drafting, and immediately prior thereto, he had been without rest or food or medication for a

_____

*Assigned by Chairman of Judicial Council.

sufficiently long period of time to totally and completely incapacitate him from properly attending to any business, especially the business of making a property settlement agreement; that the agreement was unfair and has resulted in hardship to him and could only result in impoverishing and bankrupting him and that he was totally and completely mistaken regarding the terms and conditions of the agreement; that defendant at all times knew of plaintiff's disability and incapacity; that at the time of the execution of the agreement he was represented by an attorney; that after proper rest, recuperation and medication and treatment by physicians he was restored to physical, emotional and mental capacity and by May 1, 1959, was fully aware of the terms of the agreement and of his mistake concerning it. He alleged that if he had understood the nature and effect of the agreement and had not been incapacitated he would not have executed it, and that on May 21, 1959, a notice of rescission was served on defendant.

A second cause of action realleged many matters contained in the first and then set out that defendant had falsely represented to plaintiff that her need for property and support for herself and the children of the parties as set out in the agreement was due to her remaining at home to care for the children and that her parents declined to live with them, whereas the parents have moved into the home with defendant and she regularly attends school away from home. It alleged that this was an intentional fraud on plaintiff and he would not have consented to the agreement if he had known the truth and had not been incapacitated, and that he had acted "under the will and dominion" of his wife.

A demurrer to the complaint in the instant case was interposed by the defendant on the grounds that it did not state facts sufficient to constitute a cause of action; that the court lacked jurisdiction of the subject matter; and that the complaint was uncertain, ambiguous and unintelligible. The demurrer was sustained without leave to amend and judgment for defendant was thereafter signed and entered.

A distinctive approach to the problem is offered by plaintiff on this appeal. He has in mind that a judgment has been rendered in the divorce case in favor of his wife, incorporating as a part of the order the entire agreement. Without attacking that judgment he seeks to rescind the agreement. He asserts that if he prevails in this action he "would still be bound by the terms of the interlocutory, or final judgment of divorce, and subject to all of the penalties for a failure to perform the

530

terms of such judgment'' but that he could then seek modification of the interlocutory or final judgment of divorce on the basis of the rescission of the agreement, but that it would still be discretionary with the court as to whether it should grant him any relief.

In his argument on appeal plaintiff declares: ''Appellant, should the judgment of the lower court be reversed, and upon direction of this court, would be willing to amend his complaint to indicate that he does not attempt to attack such provisions of the judgment of divorce, which at this time are not subject to attack, directly or otherwise, and that his intention is to rescind or reform the agreement in those respects which the trial court would deem proper under the circumstances.'' Plaintiff claims that he was prejudiced by being denied the opportunity to amend his complaint herein after sustaining of demurrer.

■ The prior proceedings in the divorce action between these parties were brought to the attention of the lower court by a memorandum of points and authorities submitted with the demurrer for consideration by that court in ruling on the general demurrer, and that court could take judicial notice of those proceedings in the prior case. (*Pike* v. *Archibald,* 118 Cal.App.2d 114, 117 [257 P.2d 480]; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 453 [207 P.2d 647]; see also *Campbell* v. *Campbell,* 157 Cal.App.2d 548, 552 [321 P.2d 133].)

Appellant directs our attention to the fact that the judge of the court which sustained the demurrer was the same judge who tried and gave judgment in the divorce action.

Appellant relies on the case of *Martin* v. *Martin,* 110 Cal. App.2d 228 [242 P.2d 688]. In that case a property settlement agreement between the husband and wife had been approved as to its due execution and the fairness of its terms only by a Nevada court which had granted a decree of divorce to the wife. When the wife brought suit in California to recover amounts due under the agreement, the husband by answer and cross-complaint sought rescission or reformation of the agreement. On appeal it was held that the pleadings made out a case of extrinsic fraud and were sufficient as against a demurrer.

In the case of *Howard* v. *Howard,* 27 Cal.2d 319 [163 P.2d 439], on the other hand, we find the wife bringing the action to establish the Nevada decree of divorce as a judgment in this state and to recover sums due under the property settlement agreement incorporated in the decree. The husband filed an answer and cross-complaint attacking the money provisions,

but not the divorce provisions, of the Nevada decree alleging fraud. A demurrer to these allegations was sustained without leave to amend. On appeal, the husband contended that the money provisions were not binding on the ground that they were obtained by extrinsic fraud. The ruling of the lower court was upheld because the pleadings failed to show the essential elements of extrinsic fraud.

█ A court of equity, under proper circumstances, will set aside a judgment obtained by fraud. The fraud must be extrinsic and collateral. █ The fraud which will justify the setting aside of a final judgment by a court of equity must be of such character as prevents a trial of the issues presented to the court for determination—some representation or concealment by the adverse party which prevents a litigant from having his day in court. █ The rule is the same whether the judgment sought to be set aside is a default judgment or rendered after answer and contested trial. (*Burch* v. *Hibernia Bank,* 146 Cal.App.2d 422, 432, 433 [304 P.2d 212].)

It is obvious that appellant husband, in this case, seeks to do indirectly that which he concedes he is not seeking to do directly. This is contrary to well-settled principles of law and equity. █ As stated in the case of *Broome* v. *Broome,* 104 Cal.App.2d 148 [231 P.2d 171] : ''The incorporation of the agreement of property settlement in the judgment for divorce merged it in the decree. Thereupon, the agreement was superseded by the decree and the obligations imposed by the agreement are imposed by the decree and the 'value attaching to the separation agreement is only historical.' (*Hough* v. *Hough,* 26 Cal.2d 605, 609 [160 P.2d 15].) █ A divorce decree which establishes the property rights of the parties is not subject to modification without the consent of both parties. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1].) █ If it appears to have been the intention of the parties to a property settlement agreement definitely and permanently to adjust their property rights, the court cannot thereafter modify the decree. (*Hamilton* v. *Hamilton,* 94 Cal.App.2d 293, 299 [210 P.2d 750].) █ When an interlocutory judgment for divorce, valid on its face and regularly entered is not vacated, it becomes a final judicial determination of the property rights of the parties and of all other matters not suspended until the entry of the final decree. (*Deyl* v. *Deyl,* 88 Cal.App.2d 536, 539 [199 P.2d 424]).'' █ Inasmuch as the interlocutory decree stands unimpeached, it must of necessity be res judicata of the instant claims of appellant. He is attempting now to

relitigate an adjustment of his property rights which were fixed by the interlocutory judgment. (See also *Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697]; *Petry* v. *Petry,* 47 Cal. App.2d 594 [118 P.2d 498].)

Judgment affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1960.

*Assigned by Chairman of Judicial Council.