[Civ. No. 7284. Fourth Dist. Nov. 30, 1964.]

HELEN E. WILLSON, Plaintiff and Appellant, v. LAWRENCE E. BURNER, Defendant and Respondent.

Harkins & Fidkin and William F. Harkins for Plaintiff and Appellant.

Arthur F. H. Wright for Defendant and Respondent.

GRIFFIN, P. J.—On October 31, 1962, a judgment was entered in favor of defendant. ■ Plaintiff appeals only from the order of October 29, 1962, which is not in and of itself an appealable order. Under the charitable decision in *Evola* v. *Wendt Constr. Co.*, 158 Cal.App.2d 658, 662 [323 P.2d 158], and rule 2(c) of the California Rules of Court, the appeal may be considered from the subsequent judgment entered.

By her complaint, the plaintiff sought to set aside a property settlement agreement between her and her former husband, which agreement had been incorporated in a Nevada divorce decree. The defendant's general demurrer was sustained without leave to amend on the ground that the Nevada decree was immune from collateral attack in California, under the full faith and credit clause of the United States Constitution (art. IV, § 1).

■ The facts pleaded must be deemed true for purposes of the demurrer (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 288 [295 P.2d 112]). If these facts demonstrate that the Nevada decree was obtained by extrinsic fraud, California may set aside the property settlement agreement and need not recognize the Nevada judgment in this respect. (*Wunch* v. *Wunch*, 184 Cal.App.2d 527, 531 [7 Cal.Rptr. 551].)

■ In her complaint, the plaintiff alleges that the property settlement agreement was executed while the parties were living together as husband and wife, and that the husband concealed and misrepresented the assets of the parties. In *Clark* v. *Clark*, 195 Cal.App.2d 373 (hearing denied) [15 Cal.Rptr. 863], Mr. Justice Shepard, writing for this court, carefully reviewed the authorities on this subject and concluded that a husband's failure to disclose assets in negotiations for a property settlement constituted extrinsic fraud, depriving the wife of the opportunity to litigate her interest in the concealed property, rendering an ensuing judgment subject to collateral attack. At page 379, the court quoted with approval from *Milekovich* v. *Quinn*, 40 Cal.App. 537 [181 P. 256], as follows:

" 'She [the wife] does not seek relief from the judgment because it was based on perjured testimony, but because she was induced by false statements to enter into a contract out

of court by which she was precluded from submitting to the court the very questions which but for the contract would have been submitted to judicial investigation.' '' (See also *Gordon* v. *Hillman,* 47 Cal.App. 571 [191 P. 62]; *Perkins* v. *Benguet Consol. Min. Co.,* 55 Cal.App.2d 720 [132 P.2d 70]; *Boullester* v. *Superior Court,* 137 Cal.App. 193 [30 P.2d 59]; *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728].)

Defendant contends that the Nevada decree is not subject to review in this independent action since both parties appeared in Nevada; that the Nevada court specifically found the property settlement agreement introduced in evidence without objection was fair, just and equitable and binding on the parties; and the decree not having been appealed became final. *Howard* v. *Howard,* 27 Cal.2d 319, bears on this question, and at page 322 [163 P.2d 439] it states that: "Having adopted the property settlement agreement and made it a part of the final decree of divorce, the Nevada court adjudicated its fairness and approved its terms, and that judgment is therefore immune from attack in the present case." (Citing cases.)

The fraud alleged in that complaint was that before the agreement was made plaintiff wife represented herself as a faithful wife and mother, whereas after the decree was entered the husband discovered that in fact she had repeatedly committed acts of adultery. The court held the question of this claimed fraud should have been presented at the trial where he appeared.

The instant case involves misrepresentation of the true value of community property the parties held and its character. Plaintiff contends that the defendant failed to disclose it to her, i.e., that he represented its value to be $20,000, but its true value was $200,000; that a fiduciary and confidential relationship then existed between the parties and it was defendant's duty to disclose the true facts; that plaintiff signed the agreement believing these facts which he related; that she was not represented by counsel at the time of the execution of the agreement; that the attorney who appeared for her in the divorce action was employed by her husband and he did not consult with her about it and asked no questions regarding it. Plaintiff seeks to set aside the agreement as void. The *Howard* case cites many cases holding that courts of equity will not interfere to relieve a party to an action from a judgment procured through collusive agreement, i.e., that one of them shall commence the action and obtain, by consent of the

other, a judgment to which he would not otherwise be entitled, such as in *Bancroft* v. *Bancroft,* 178 Cal. 359 [173 P. 579, L.R.A. 1918F 1029]; *Hendricks* v. *Hendricks,* 216 Cal. 321 [14 P.2d 83].

The courts have foreclosed interference with the decree where the fraud alleged is merely intrinsic. (*Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605].) A distinction has been made as to extrinsic fraud (*Godfrey* v. *Godfrey,* 30 Cal. App.2d 370 [86 P.2d 357]), except where such claimed fraud could have been presented at the trial. The terms "intrinsic" and "extrinsic" fraud or mistake are generally accepted as appropriate to describe the two different categories of cases to which these policies of the law apply. They, however, do not constitute a simple and infallible formula to determine whether in a given case the facts surrounding the fraud or mistake warrant equitable relief from a judgment. ▮ It is necessary to examine the facts in the light of the policy that a party who failed to assemble all of his evidence at the trial should not be privileged to relitigate a case, as well as a policy permitting a party to seek relief from a judgment entered in a proceeding in which he was deprived of a fair opportunity fully to present his case. ▮ In *Jorgensen* v. *Jorgensen, supra,* 32 Cal.2d 13, 21, Mr. Justice Traynor, the author of the opinion in *Howard* v. *Howard, supra,* 27 Cal.2d 319, stated in a case factually similar to the instant case:

"As the manager of the community property the husband occupies a position of trust . . . which is not terminated as to assets remaining in his hands when the spouses separate. It is part of his fiduciary duties to account to the wife for the community property when the spouses are negotiating a property settlement agreement. The concealment of community property assets by the husband from the wife in connection with such an agreement is therefore a breach of a fiduciary duty of the husband that deprives the wife of an opportunity to protect her rights in the concealed assets and thus warrants equitable relief from a judgment approving such agreement. When community property is entrusted to the wife, she likewise occupies a position of trust. . . . (Citing *Boullester* v. *Superior Court,* 137 Cal.App. 193, 195 [30 P.2d 59].) . . . It is immaterial whether the husband or the wife has submitted the property settlement to the court for approval; the fraud of one spouse in concealing the assets, if not discovered by the other, precludes the latter from protecting his or her rights as to the concealed assets in the divorce proceeding."

This case distinguishes *Howard* v. *Howard, supra,* 27 Cal.

2d 319, because in that case the husband did not allege that the wife procured the property settlement agreement by concealing information, in violation of a fiduciary duty of disclosure. Her alleged fraud related to acts of adultery, which she was under no fiduciary duty to disclose because those acts constituted grounds for divorce. It therefore appears that the judgment and order herein appealed from should be reversed.

Judgment and order reversed.

Coughlin, J., and Brown (Gerald), J.; concurred.