**NOT FOR PUBLICATION**

MAY 24 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| REUVEN RASOOLY, <br><br>         Plaintiff-Appellant, <br><br> v. <br><br> G. BOYD TARIN; STATE OF CALIFORNIA; CONTRA COSTA COUNTY; DEPARTMENT OF CHILD SUPPORT SERVICES; MELINDA R. SELF, <br><br>         Defendants-Appellees. | No.   15-16213 <br><br> D.C. No. 3:14-cv-04521-JSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted May 16, 2017[**]
San Francisco, California

Before: CANBY and MURGUIA, Circuit Judges, and RUFE,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Reuven Rasooly appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action against the State of California, the California Department of Child Support Services ("DCSS"), Contra Costa County, and two Contra Costa County employees, G. Boyd Tarin and Melinda R. Self (collectively, "Defendants"). We affirm.

1. The district court correctly dismissed Rasooly's claims against Contra Costa County, Tarin, and Self under Federal Rule of Civil Procedure 12(b)(6) as barred by res judicata. Rasooly's federal action involves the "same cause of action," i.e. the same primary right, as his state court suit—a right to recoup payments alleged to have been wrongly collected by Defendants. *See San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). While Rasooly purports to allege different damages in his Second Amended Complaint, those additional fees are derivative of Defendants' initial collection.

The parties to Rasooly's federal and state court actions are either the same or in privity. *See Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002). All of the Defendants except Self were parties to Rasooly's suit in state court. Self is in privity with two parties to the state court litigation: Linda Dippel and Contra Costa County, Self's employer. *See Citizens for Open Access to Sand & Tide, Inc.*

*v. Seadrift Ass'n*, 71 Cal. Rptr. 2d 77, 87 (Ct. App. 1998).  Dippel and Self were in the same legal position as supervisors of Tarin's actions in the DCSS child support collection proceeding against Rasooly.  *See id.* at 90 n.12.  Contra Costa County, as Self's employer, is vicariously liable for actions taken by Self within the scope of her employment.  Cal. Gov. Code § 815.2.  Vicarious liability is sufficient to establish privity here; Self would have been entitled to assert the same prosecutorial and litigation immunities invoked by the County in the earlier litigation.  *See Burdette v. Carrier Corp.*, 71 Cal. Rptr. 3d 185, 196–98 (Ct. App. 2008).  Finally, the circumstances do not warrant an equitable exception to preclusion.  *See Jorgensen v. Jorgensen*, 193 P.2d 728, 732 (Cal. 1948).

2. The district court dismissed Rasooly's claims against the State of California and DCSS as barred by the Eleventh Amendment.  Rasooly waived this issue by failing to address it in his briefing.  *Armentero v. I.N.S.*, 412 F.3d 1088, 1095 (9th Cir. 2005).

**AFFIRMED**.