[Civ. No. 8652. Third Dist. Apr. 27, 1955.]

ELIZABETH T. BALDWIN, Appellant, v. JENNIE DANIELS et al., Respondents.

John P. Doran for Appellant.

Doyle & Clecak for Respondents.

VAN DYKE, P. J.—Plaintiff below appeals from a judgment rendered after the entry of an order sustaining a demurrer to her amended complaint without leave to further amend. By her first complaint appellant alleged that respondent Jennie Daniels was the widow of Shull H. Daniels, deceased, and that appellant brought the action as an heir of said decedent in behalf of herself and all other heirs; that "through extrinsic fraud" respondent and her codefendants caused to be entered a court decree adjudging Jennie Daniels to be the sole owner of real and personal property; "that the court decree and judgment mentioned . . . was and is void *ab initio* and altogether null. That it was and is the result of collusion, extra judicial and in violation of a trust and confidence." To this pleading a general demurrer was filed and the points and authorities appearing in the record here and filed in the court below in support of the demurrer specifically pointed out the obvious defects in the pleading. Respondents' counsel quoted the following from *Scafidi* v. *Western Loan & Bldg. Co.*, 72 Cal.App.2d 550, 553 [165 P.2d 260]:

". . . 'It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud.' "

There was included in said points and authorities also the following from *Meyer* v. *Selggio*, 80 Cal.App.2d 161, 164 [181 P.2d 690]:

"Allegations of fraud in general terms are merely allegations of conclusions of law, and present no issuable facts."

After service of the demurrer, appellant elected to amend as of course prior to the hearing of the demurrer. Her amended complaint repeated her first pleading in that it merely alleged fraud as a conclusion without any attempt to plead the facts constituting the claimed fraud. Honorable Daniel R. Shoemaker, Judge of the Superior Court in and for the City and County of San Francisco, had been named as a party defendant in the first pleading, but the pleading contained no allegations concerning him. In the amended complaint, however, it was alleged: "That no act of the Honorable DANIEL R. SHOEMAKER, Judge of the Superior Court, defendant and conspirator herein, was or is a judicial act but that each and every act of the said Honorable Daniel R.

Shoemaker, defendant, was and is a personal, private, unofficial act, not done pursuant to any law or in any purportedly legal way or manner, but clandestinely and furtively and as part of a common design with his fellow conspirators to encompass plaintiff in the prosecution and assertion and presentation of her legal rights in which design carried on like all conspirators under cover of darkness defendants did and do succeed all to the damage of plaintiff as aforesaid.'' It was further alleged: ''That the purported decree and judgment in the first sentence of this fourth paragraph mentioned was and is only a purported decree and constituted a device fashioned by the Honorable Daniel R. Shoemaker, Judge of the Superior Court to effectuate the aim and intent of the said conspiracy, and said Honorable Daniel R. Shoemaker being one of the agents referred to as agents of Jennie Daniels, defendant, in the first sentence of paragraph three hereof.'' A reading of the pleading demonstrates that it presents the same fatal defects as were presented in the first pleading, notwithstanding that the pleader had been specifically advised of the nature of that defect. Again, a general demurrer was filed. This demurrer was supported by points and authorities, with numerous citations of decisions affirming and reaffirming the rule that fraud must be pleaded specifically, and the following was quoted from *Huron College* v. *Yetter*, 78 Cal.App.2d 145, 149 [177 P.2d 367]: ''A veritable forest of authorities indicate that equitable relief from the effect of a judgment or decree may only be obtained upon allegations and proof of extrinsic and collateral fraud.'' *Hammell* v. *Britton*, 19 Cal.2d 72 [119 P.2d 333], was cited, in which decision the following appears at page 82: ''It is elementary that in an action for equitable relief based upon extrinsic fraud in obtaining a judgment, the facts constituting the fraud must be pleaded with particularity and specifically.'' Appellant's counsel responded by filing with the trial court a written reply to the points and authorities submitted in support of the demurrer. Therein no attempt was made to excuse the failure to specifically plead the claimed fraud, the position being taken that ''fraud being rooted in furtiveness can be pleaded as an ultimate fact.'' No authorities were cited in support of this statement. The judgment of the trial court entered after it had ordered the demurrer to the amended complaint sustained without leave to amend recites: That the demurrer came on regularly for hearing, that demurring defendants appeared through counsel and that no

appearance was made on behalf of plaintiff, she having submitted points and authorities.

■ Usually, and particularly where leave to amend is asked, refusal of such leave on sustaining a demurrer to a pleading is an abuse of discretion where it appears that the complaint is susceptible of amendment. (*Kadota Fig Assn.* v. *Case-Swayne Co.*, 73 Cal.App.2d 796, 804 [167 P.2d 518].) However, there is no hard and fast rule that leave to amend must be granted. The code specifically provides that where a demurrer is sustained, after a trial upon issues of law therein raised, leave to amend may (not must) be granted. The question on this appeal, therefore, is whether or not the order sustaining the demurrer without leave to amend constituted an abuse of discretion. (*Spencer* v. *Crocker First Nat. Bank*, 86 Cal.App.2d 397 [194 P.2d 775].)

■ We find no abuse of discretion in the trial court's action. No request for leave to further amend was made. Plaintiff's pleading was obviously defective and this defect had been clearly pointed out before the pleading was first amended as of course. The amended pleading not only made no attempt to cure the defect, but counsel's position was that fraud could be pleaded as an ultimate fact notwithstanding the "veritable forest of authorities" to the contrary. No intimation was given to the trial court that plaintiff could amend to plead fraud specifically or that if given leave to amend further she would have done so. Under these circumstances the ruling and judgment of the trial court ought to be sustained. (*Werner* v. *Hearst Publications. Inc.*, 65 Cal.App.2d 667, 673-674 [151 P.2d 308].)

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.