[Civ. No. 17320. First Dist., Div. One. Oct. 3, 1957.]

ELIZABETH T. BALDWIN, Appellant, v. JENNIE DANIELS et al., Respondents.

John P. Doran for Appellant.

Doyle & Clecak for Respondents.

WOOD (Fred B.), J.—In this action plaintiff seeks to set aside three judgments upon the ground of extrinsic fraud. Defendants' demurrers (general and special) to the second amended complaint were sustained without leave to amend, and a motion to strike portions of the complaint was granted. Plaintiff appealed from the judgment entered thereon. She poses the following question upon this appeal: ''Are facts enough alleged in the amended complaint to constitute a cause of action, conceding that those matters which were properly subject to a motion to strike were ordered stricken from the second amended complaint?''

The second amended complaint wholly failed to state a cause of action. It dealt in legal conclusions and failed to state facts constituting grounds for relief. For example, it alleged that the judgments were obtained through ''extrinsic fraud'' but averred no facts constituting such fraud. In that regard it did not differ essentially from this very plaintiff's complaint in a similar action which was found insufficient in *Baldwin* v. *Daniels,* 132 Cal.App.2d 560 [282 P.2d 522]. We refer to the opinion written in that case for an apt and adequate exposition of the applicable principles of law.

 There was no abuse of discretion in denying leave to amend. This is not a case of sustaining a demurrer without leave to amend a complaint that did state a cause of action as was the case in *Eads* v. *Marks,* 39 Cal.2d 807, 812-813 [249 P.2d 257]. This complaint was insufficient.

Nor is this a case in which a plaintiff had no opportunity to amend as was the case in *King* v. *Mortimer,* 83 Cal.App.2d 153, 158 [188 P.2d 502], and *Adkins* v. *San Francisco,* 8 Cal. App.2d 620 [47 P.2d 751]. This was plaintiff's second amended complaint. We may reasonably infer from that fact that the defects under discussion had been called to plaintiff's attention and that the trial court had given leave to amend the original or the first amended complaint. Moreover, plaintiff and her counsel had the information afforded by the decision in *Baldwin* v. *Daniels, supra,* 132 Cal.App.2d 560, concerning the requisites of a complaint to vacate a judgment upon the ground of extrinsic fraud. That decision was rendered April 27, 1955. The second amended complaint herein was verified and filed January 9, 1956.

In addition, plaintiff makes no representation that she has further "facts" to plead, in order to state a cause of action.* Instead, she stoutly maintains she has stated a cause of action.

Under these circumstances we find that no abuse of discretion was committed by the trial court in refusing further opportunity to amend.

In plaintiff's closing brief, her counsel makes no helpful contribution to the discussion of the legal issues upon this appeal. Instead, he gratuitously repeats and elaborates upon the scandalous and abusive remarks concerning our courts and judges which the trial court appropriately ordered stricken from the second amended complaint. "An attorney who files a brief which contains disrepectful, scandalous, or abusive language directed against courts, officials, or litigants violates a statute requiring attorneys to maintain the respect due to courts and judicial officers, commits a reprehensible breach of

---

*Plaintiff did state in her second amended complaint, toward the end thereof, that "lack of specification of dates and file numbers plaintiff alleges does not justify the upholding of a special demurrer though if required plaintiff will supply them, and she now makes application for leave to supply them."

"Dates" and "file numbers" would be useful in identifying the judgments plaintiff seeks to set aside, but supplying them would not supply the missing facts necessary to state a cause of action for extrinsic fraud.

duty, and is guilty of contempt of the appellate court.'' (4 Cal.Jur.2d 322, Appeal and Error, § 486.) Accordingly, we are moved to and do order plaintiff's closing brief stricken from our files.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied November 1, 1957.