[Civ. No. 27023. Second Dist., Div. Four. Oct. 24, 1963.]

MORRIS CHAPMAN, Plaintiff and Appellant, v. DON GILMORE, Defendant and Respondent.

Mitchell & Gold, Seymour Gold and Ellis J. Horvitz for Plaintiff and Appellant.

Michael L. Haun for Defendant and Respondent.

BURKE, P. J.—Plantiff, a licensed real estate broker, brought action against defendants Posalskis, "buyers," and defendant Gilmore, "seller," for damages arising out of the failure of the parties to complete a sale of real property. Both buyers and seller demurred. Buyers' demurrer was overruled and is not an issue on appeal. Seller's general demurrer was sustained as to all counts. Plaintiff filed his amended complaint to which a general demurrer was sustained without leave to amend. Judgment was entered thereon from which this appeal is taken.

Plaintiff's complaint alleged he had procured the execution of the standard form deposit receipt commonly used by real estate brokers in Los Angeles County. The receipt was signed by both buyers and seller and provided for the payment of broker's commission of $13,500. The buyers repudiated the transaction and refused to sign escrow instructions to complete the sale. Thereupon, a second deposit receipt was executed by buyers, seller and plaintiff, wherein the broker's commission was agreed to be $5,000. Again, buyers refused to sign escrow instructions and plaintiff brought this suit on three causes of action, the first for $13,500, the second for $5,000 and the third on a common count for services performed.

Plaintiff contends the amended complaint states a valid cause of action against seller and that, in the event it does not, he should have been granted leave to amend further.

Great liberality is allowed in permitting amendments to complaints, and it is an abuse of discretion to deny amendment if there is a reasonable possibility that the defects can be cured by amendment. It is presumed, however, that a pleader has stated his case as strongly as it can be stated, particularly where he has already been granted leave to amend. (*Higgins* v. *Security Trust & Savings Bank,* 203 Cal. 398 [264 P. 744]; *Baldwin* v. *Daniels,* 154 Cal.App.2d 153 [315 P.2d 889]; *Melikian* v. *Truck Insurance Exchange,* 133 Cal. App. 2d 113 [283 P.2d 269].) The allowance of amendments is a matter so largely within the discretion of the trial court that its exercise will not be disturbed in the absence of a showing of abuse. (*Estate of Marler,* 148 Cal.App.2d 30 [306 P.2d 105]; *Vilardo* v. *County of Sacramento,* 54 Cal. App.2d 413 [129 P.2d 165].) No abuse is shown in this record.

Seller's position, approved by the trial court, is based upon the legal proposition that, "Where the only agreement to pay a broker a commission is contained in the contract between his principal and the customer, the broker's right to compensation is dependent upon performance of that contract. If the customer refuses to perform, or if the contract is canceled or rescinded, the broker cannot recover. In such cases the broker, not having the protection of the ordinary broker's contract for compensation for service to be performed, must stand or fall on the contract actually entered into; and if he has seen fit to allow payment of his compensation to be dependent upon the performance of a contract made between parties other than himself, he cannot complain if, through the nonperformance of that contract, his own contingent rights be lost." (*Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 306-307 [266 P.2d 856].)

Such proposition is equitable where a broker has initially failed to protect himself with a contract of his own and the seller received no benefit from the broker's services. "Unless and until the exchange was consummated the parties would receive no benefit from [the broker's] efforts; and, as we have seen, there was no obligation existing to pay [the broker] anything except that arising from the written agreement under consideration. The provision relating to such payment is not separable from the remainder of the contract; ...." (*Lawrence Block Co.* v. *Palston, supra,* at p. 307.)

There are exceptions to this broad rule in that a seller can not escape his obligation to pay the broker's commission by willful refusal to complete the contract of sale which he has executed. (*Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 881 [306 P.2d 783]; *Coulter* v. *Howard*, 203 Cal. 17, 23 [262 P. 751].)

In the instant case plaintiff alleged in paragraph IV of both the original and amended complaints, "That [buyers] refused to sign the escrow instructions and repudiated said agreement and refused to complete said purchase and sale agreement. The owner of said propery for which the [buyers] were negotiating, namely, [seller], was at all times prior to said repudiation ready, able and willing to consummate and complete said sale. Prior to the repudiation by [buyers], [buyers] were ready, able and willing to purchase said property, as per their signed agreement. By reason of said repudiation of said agreement by [buyers], said sale has never been consummated or effected."

It is apparent from such allegation, and the complaints were verified, that plaintiff placed himself in a position where it would be impossible to allege by amendment, as he has attempted to do by general allegations of conspiracy, that nonperformance of the contract was caused by the arbitrary action of seller. Essentially, the only change presented by the amended complaint consisted in plaintiff's adding allegations that, "[Seller] agreed in conspiracy with Buyer[s], to and refused to go ahead with the deal arbitrarily and with intent to deprive Plaintiff of his broker's commission"; and "[seller] conspired with [buyers] to refuse to perform the purchase and sale for the purpose of and with the intent to eliminate, and deprive the Plaintiff Broker from his commission."

Purported reasons for nonperformance of the original agreement were asserted to the effect that the seller had misrepresented the income available from the property justifying buyers' repudiation of the original contract, but plaintiff joined in executing the second deposit receipt and is thereby precluded from contending that, in lieu of such asserted reasons for nonperformance, all the defendants conspired against him to deprive him of his larger commission. Such second deposit receipt was signed with full knowledge of the purported conspiracy later alleged in plaintiff's amended complaint.

In the second deposit receipt it is stated: "IF

BUYER fails to complete the purchase as herein provided, then the amount paid hereon shall be retained in consideration for the execution of this agreement by seller, one-half by seller and one-half by real estate agent, provided however, that said real estate agent's portion shall not exceed the full amount of his commission.''

Such a provision limits plaintiff's recovery to one-half of any deposit made; no deposit having been made by buyers, plaintiff may not recover. If any act of seller contributed to any failure of the sale, plaintiff by his written acceptance of the second deposit agreement waived any claims which he might have acquired under the original agreement, whether based upon conspiracy, arbitrary refusal to proceed with the transaction, or any other act of seller. It appears obvious from the pleadings that the sale under the second agreement was not completed solely because of the failure or refusal of buyers to comply with the provisions of the deposit receipt agreement. The amended complaint attempts to impress joint liability upon seller, because of arbitrary refusal to perform, in the face of the verified allegations in both complaints that seller ''was at all times prior to said repudiation ready, able and willing to consummate and complete said sale.'' The repudiation referred to was by the buyers. Under such circumstances plaintiff's compensation is fixed by the deposit agreement at one-half of the deposit. There being none there is nothing to recover.

Recovery could be had in this case only by and through amended pleadings that would allege the exact opposite condition to have existed, namely, that seller arbitrarily refused to consummate the sale, notwithstanding that the buyers supplied by plaintiff were at all times ready, able and willing to buy the property. Such allegations would be in irreconcilable conflict with the allegations of his original complaint. Plaintiff is precluded by his original complaint from relief of the nature sought by his proffered amended complaint, and the conflict is incurable.

The judgment after order sustaining defendant Gilmore's demurrer without leave to amend is affirmed.

Jefferson, J., and Kingsley, J., concurred.