[S. F. No. 14943. In Bank.—December 29, 1933.]

WILLIAM F. HOLVE, Petitioner, v. JOHN S. MYERS, as Controller of the City of Los Angeles, Respondent.

Leslie R. Hewitt and Hewitt & Perkins for Petitioner.

Ray L. Chesebro, City Attorney, and Loren A. Butts, Assistant City Attorney, for Respondent.

WASTE, C. J.—This is a proceeding in *mandamus* to compel the respondent, as Controller of the City of Los Angeles, to approve a demand, duly assigned to petitioner, drawn on the water revenue fund of said city in the sum of $1,092.70. The demand represents the purchase price of certain water-meters furnished by petitioner's assignor to the bureau of water works and supply. Respondent has demurred generally to the petition, urging that under the provisions of the charter of the city of Los Angeles it is essential, where purchases of materials and supplies in excess of $1,000 are involved, that requisitions, specifications and authorizations for such purchases be first submitted to and approved by the city purchasing agent. Petitioner contends that purchases made by the bureau of water works and supply or by the bureau of power and light, constituting, together, the department of water and power, are exempt from the charter provisions requiring the approval of the city purchasing agent. In support thereof petitioner urges that the department of water and power has been given authority to control expenditures from the water revenue fund and the power revenue fund, the funds from the former fund being available for "necessary expenses of operating and maintaining" the municipal water works and for "constructing, extending and improving such works". (Charter, secs. 220, 221.) The charter further provides that all moneys pertaining to the water works are to be kept in the city treasury separate and apart from other moneys of the city and in a fund to be known as the water revenue fund, to be drawn from said fund upon demands authenticated by the signature of the chief accounting employee of the department. From this, petitioner argues that the department of water and power is, in effect, autonomous within its sphere and may disperse its own funds for materials and supplies without first seeking and procuring the approval of the city purchasing agent.

The purchase here involved was duly authorized and approved by the department of water and power and the

demand involved has been approved by the chief accounting employee of that department.

The parties concede that the disposition of this proceeding turns on the construction to be given to section 391 of the charter, which reads:

"(1) All purchases of materials or supplies involving an expenditure of one thousand dollars ($1000.00) or less, required for any board, officer or employee of the city, excepting purchases requiring payment from the harbor revenue fund, the library fund, the power revenue fund or the water revenue fund, or from any bond funds controlled by the harbor, library or water and power departments, shall be made from the lowest responsible bidder, by the Purchasing Agent of the city, upon requisition delivered to him and signed by the department, officer or employee for whom the purchase is to be made.

"(2) All such purchases involving an expenditure in excess of one thousand dollars ($1000.00) shall be made from the lowest responsible bidder by the Purchasing Agent upon such said requisition, provided that in this case the specifications on which bids were asked must first have been approved by the Purchasing Agent and also by the department, officer or employee for whom the purchase is being made, or in lieu of the latter, by the director of the Bureau of Budget and Efficiency and provided further, that the acceptance of any bid in such case shall be approved by the Purchasing Agent and also by the department, officer or employee for whom the purchase is being made, or in lieu of the latter, by the Director of the Bureau of Budget and Efficiency."

Subdivision 1 of the section is clear. It requires, with certain exceptions, that all city purchases of materials and supplies involving an expenditure of $1,000 or less be made from the lowest responsible bidder by the purchasing agent of the city, upon requisition delivered to him, signed by the department officer or employee for whom the purchase is to be made. This subdivision definitely exempts from its provisions purchases of $1,000 or less requiring payment from the power revenue fund or the water revenue fund.

Subdivision 2 is less definite. We have considered the varying constructions contended for by the parties with respect thereto and have concluded that the equivocal lan-

guage, "all such purchases", appearing at the beginning of subdivision 2, has reference to all purchases of materials and supplies, involving an expenditure in excess of $1,000, made by the several boards or departments of the city government *other than the departments excepted in subdivision 1 of the section,* thus excluding from the operation of subdivision 2 all purchases of materials and supplies payable out of the water revenue fund or the other special funds specifically designated in subdivision 1. ■ In other words, we are of the opinion that section 391 undertakes to regulate and operate upon one class of purchases, common to both subdivisions, i. e., purchases for any board, officer or employee of the city, exclusive of the departments designated in the "excepting" clause of subdivision 1 of the section, which excluded departments are elsewhere in the charter given control of their own special or specific funds.

This construction is borne out by the parallel structure of the opening clauses of the two subdivisions which, to briefly repeat, read as follows:

"(1) All purchases of materials or supplies involving an expenditure of one thousand dollars ($1000.00) or less, required for any board, . . . [with exceptions above mentioned], shall be made . . . by the Purchasing Agent . . . upon requisition . . . "

"(2) All such purchases involving an expenditure in excess of one thousand dollars ($1000.00) shall be made . . . by the Purchasing Agent upon *such* said requisition, provided that in this case [where the amount exceeds $1000]" the specifications and bid must first have been approved by the city purchasing agent.

The introductory language of these two subdivisions is such as to immediately suggest that the exceptions and exemptions contained in the first must be read into and carried over to the second.

Respondent's demurrer is therefore overruled and the alternative writ heretofore issued is made peremptory.

Shenk, J., Thompson, J., Preston, J., Langdon, J., Curtis, J., and Seawell, J., concurred.