131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
corporation, Plaintiff-Appellant,
v.
Kamaljit SINGH; Surjit Multani; Teja Singh; Rajvinder
Kaur; A. Joginder Shah; David Greenberg; Greenberg &
Panish, Greenberg, Panish & Kaplan; Law Offices of A. Tod
Hindin; A. Tod Hindin, Defendants-Appellees.
 No. 96-55868.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 4, 1997.
Decided Nov. 17, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-96-01077-LGB; Lourdes G. Baird, District Judge, Presiding.
 
 
 2
 Before: BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 State Farm Mutual Automobile Insurance Company brought this action against Kamaljit Singh, and three other former claimants (collectively Singh),[1] for the purpose of recovering money paid to Singh as a result of arbitration of an uninsured motorist claim and a $30,000,000 settlement of a bad faith claim. The district court dismissed the complaint with prejudice for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). State Farm appealed, and we affirm.
 
 
 5
 1. Unfortunately for State Farm, Singh is protected by California's litigation privilege. See Cal. Civ.Code § 47(b)(2); Silberf v. Anderson, 50 Cal.3d 205, 212, 786 P.2d 365, 368-69, 266 Cal.Rptr. 638, 641-42 (1990). That privilege is very broad and protects litigants from liability for their assertions or claims in lawsuits, so that access to the courts will be facilitated and litigants will not be harassed.[2] See Doctors' Co. v. Superior Court, 225 Cal.App.3d 1284, 1293, 275 Cal.Rptr. 674, 679 (1991). The privilege is: absolute, even if the result is inequitable. See id. at 1294, 275 Cal.Rptr. at 679. The California courts recognize that perjurers might reap the benefits of their perjury with impunity, but the courts see that as part of the price we must pay to have a properly functioning judicial system. See id. at 1294-95, 275 Cal.Rptr. at 679-80; see also Ribas v. Clark, 38 Cal.3d 355, 364-65, 696 P.2d 637, 643, 212 Cal.Rptr. 143, 149 (1985). And, if there are any doubts, those are resolved in favor of the privilege. See Adams v. Superior Court, 2 Cal.App. 4th 521, 529, 3 Cal.Rptr.2d 49, 53 (1992).
 
 
 6
 What State Farm's action amounts to is an assertion that Singh made false claims and committed perjury in the prior litigation. That, in fact, is exactly what Singh did, if State Farm's assertions are accepted. In fact, State Farm tells us that it thought Singh was a fraud at the time, but was unable to prove it. However, the bark in which State Farm hopes to carry itself to victory founders on the rocks of the California precedent which we have just outlined.
 
 
 7
 State Farm attempts to salvage its vessel by pointing to the fact that the privilege protects against communications, not conduct. There is, no doubt, that distinction, but it is one that does not help State Farm. This is not a case where a person committed a separate tort, such as intercepting or recording conversations, and then disclosed the results in litigation. See e.g., Kimmel v. Goland, 51 Cal.3d 202, 212, 793 P.2d 524, 529-530, 271 Cal.Rptr. 191, 196-97 (1990); Ribas, 38 Cal.3d at 364-65, 696 P.2d at 643, 212 Cal.Rptr. at 149. We deal here with mere communications; lies, which it is the very purpose of litigation to uncover in the first place. See Doctors Co., 225 Cal.App.3d at 1298-99, 275 Cal.Rptr. at 682-83. State Farm's monody about its failure to discover the untruths during the earlier litigation is a sad, but not unusual, refrain. As the California Supreme Court said over a century ago in response to a similar jeremiad by a disappointed party, "The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony ... he is without remedy." Pico v. Cohn, 91 Cal. 129, 134, 25 P. 970, 971 (1891).
 
 
 8
 Nor can State Farm rescue its sinking boat by pointing to the fact that it had an insurance contract with Singh. Of course, it did have a contract with him at one time, but it is doubtful that it still had one with him during the bad faith case, which is the action primarily involved here. See Tomaselli v. Transamerica Ins. Co., 25 Cal.App. 4th 1766, 1771-72, 31 Cal.Rptr.2d 224, 227-28 (1994); Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246, 254-55 (1990). Even if it did, that does not change the fact that the injury here was based squarely upon Singh's fraudulent litigating positions and statements. See California Physicians' Serv. v. Superior Court, 9 Cal.App. 4th 1321, 1327, 12 Cal.Rptr.2d 95, 98 (1992). The fact that some of Singh's communications came before litigation actually started does not affect the privilege either. See Rubin v. Green, 4 Cal.4th 1187, 1194-96, 847 P.2d 1044, 1047-49, 17 Cal.Rptr.2d 828, 831-33 (1993).
 
 
 9
 Moreover, State Farm cannot help itself by claiming extrinsic fraud, which is another narrow exception to the privilege. See Silberg, 50 Cal.3d at 214, 786 P.2d at 370, 266 Cal.Rptr. at 643. State Farm seeks to narrow the hole in its case by making the extrinsic fraud exception expansive. But perjury is not extrinsic fraud, nor is fraudulent communication. See Moore v. Conliffe, 7 Cal.4th 634, 643 n. 5, 871 P.2d 204, 209 n. 5, 29 Cal.Rptr.2d 152, 157 n. 5 (1994). Only activity that prevents a party from presenting a claim or defense is. See Edwards v. Centex Real Estate Corp., 53 Cal.App. 4th 15, 41, 61 Cal.Rptr.2d 518, 534-35 (1997). State Farm could and did present its defense in the prior cases. The mere fact that Singh was not forthcoming with the truth (or that he did not tell State Farm about people who could give him the lie) does not make his fraud extrinsic. His suppression of material evidence, such as it was, is just a species of intrinsic fraud. See Kachig v. Boothe, 22 Cal.App.3d 626, 634, 99 Cal.Rptr. 393, 398 (1971).
 
 
 10
 Neither can State Farm save its case by speaking of some sort of fiduciary duty existing between itself and Singh. State Farm presents us with no authority that the relationship is a fiduciary one. It is not. See Love, 221 Cal.App.3d at 1148, 271 Cal.Rptr. at 253. Thus, cases involving fiduciary duties have no application here. Cf. Modnick v. Modnick (In re Modnick), 33 Cal.3d 897, 905, 663 P.2d 187, 191, Cal.Rptr. 629, 633 (1983); Jorgensen v. Jorgensen, 32 Cal.2d 13, 19-20, 193 P.2d 728, 732-733 (1918); Stenderup v. Broadway State Bank of Los Angeles, 219 Cal. 592, 596, 28 P.2d 14, 15 (1933). Even if there were a fiduciary duty in insurance cases, it is clear that it would run from State Farm to Singh and not from Singh to State Farm. That is, it would be for Singh's benefit, not State Farm's. See Love, 221 Cal.App.3d at 1148-49, 271 Cal.Rptr. at 252-53.
 
 
 11
 In short, if Singh has euchred State Farm out of thirty million plus dollars, that is regrettable to say the least, but it is also irreparable.
 
 
 12
 2. Anent the extrinsic fraud issue discussed above, another separate word should be added. Apart from the litigation privilege, it has long been the law of the State of California that final judgments cannot be directly or indirectly attacked, simply because they were obtained as a result of intrinsic fraud (like perjury, false documents, and suppressed evidence). They may only be attacked for extrinsic fraud. See e.g., Pico, 91 Cal. at 133, 25 P. at 971; Parsons v. Tickner, 31 Cal.App. 4th 1513, 1531-32, 37 Cal.Rptr.2d 810, 820-21 (1995); Philippine Export and Foreign Loan Guar. Corp. v. Chuidian, 218 Cal.App.3d 1058, 1091, 267 Cal.Rptr. 457, 475 (1990); Mercury Cas. Co. v. Superior Court, 179 Cal.App.3d 1027, 1034-35, 225 Cal.Rptr. 100, 103-04 (1986); Kachig, 22 Cal.App.3d at 632-33, 99 Cal.Rptr. at 396-97. This presents a conceptually similar though separate barrier to State Farm's action.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Singh's counsel were also named since part of the proceeds went to them. Our resolution of the case as to Singh disposes of it as to counsel too
 
 
 [2]
 The only exceptions are the tort of malicious prosecution and, sometimes, the tort of spoliation of evidence. Neither is involved here